UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CALVIN JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> JOHN GALIPEAU, KENNETH WATTS, G. STONE, RON NEAL, J. WALLEN, and PAM BANE, <br><br> Defendants. | CAUSE NO. 3:23-CV-202-JD-JPK |

OPINION AND ORDER

Calvin Johnson, a prisoner without a lawyer, filed this complaint, alleging that the IRS sent him a stimulus payment as part of the COVID-19 relief plan in April 2021 that was never credited to his prison trust fund account. ECF 2. He suspects the money was mistakenly deposited into another Calvin Johnson's account or that someone at Westville Correctional Facility stole the money. He seeks damages for the loss and for the inconvenience he has experienced. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Based on the complaint and the attached exhibits, it appears that Johnson received a $1,400 stimulus payment on April 19, 2021. ECF 2-1 at 8. In the letter advising him of the payment, he learned that he might have been sent additional payments that were never deposited into his account. *Id.* at 3. On March 20, 2022, he wrote a letter to the inmate trust fund department at Westville to ask whether his payment might have been deposited into the wrong account because there were several offenders with the same name at the facility. *Id.* at 1-2. He was advised to contact the IRS to check on funds not received. *Id.* He then contacted the IRS and he received a letter dated December 28, 2022, that told him a payment of $1,809.20 was issued to him on June 24, 2021. *Id.* at 5. The letter advised him that if he didn't receive the payment to "complete, sign, and return Form 3911 so that we may trace the refund." *Id.*

By the time Johnson received this letter, he was at Indiana State Prison. On January 15, 2023, he submitted a grievance stating that he had received a letter from the IRS stating that $1,809.20 was issued to him on June 24, 2021, but it was never put on his account. ECF 2-1 at 17. That grievance was rejected because it was late and because it was an issue for a tort claim. *Id.* at 18. Johnson also contacted the prison's Business Office on January 24, 2023, and asked for help in figuring out where the money was deposited. *Id.* at 16. In response, he was told that all the prison staff do with the checks is verify his identity. *Id.* The response included a copy of the form the IRS instructed to fill out to trace the refund. ECF 2-1 at 16. The record does not reflect whether Johnson submitted the form to the IRS.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." The stimulus money sent to Johnson is unquestionably property under the Due Process Clause. *See Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986) ("It is beyond dispute that Campbell has a property interest in the funds on deposit in his prison account."). But the loss of property, alone, does not state a claim under the Fourteenth Amendment. That amendment requires a loss of property *without due process*. Here, Indiana provides a process for Johnson to use if he believes property has been wrongfully taken from him, and that process satisfies the due process clause.

Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). These state laws provide a method for Johnson to seek reimbursement for the negligent loss or intentional deprivation of property, and that meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Thus, additional process remains available to Johnson, and the complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, allowing an amended complaint would be futile because no additional facts would turn this property loss into a due process claim.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on September 22, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT